## Case No. 7,506.

### JONES et ux. v. WALKER et al.

[Brunner, Col. Cas. 25;[1] 2 Hayw. N. C. 291.]

Circuit Court, D. North Carolina. 1803.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

## Case No. 7,507.

### JONES v. WALKER.

[2 Paine, 688.] [1]

Circuit Court, Virginia.[2]

PER CURIAM. An appeal from an inferior court of admiralty takes the cause from that court, and such court can no longer act in it. But it still retains power to take care of the goods seized, which are the subject of the suit; and to that end it may order a sale of such goods as are likely to perish. What raised the greatest doubt with us was the uncertainty whether the goods in question were sold by order of the court. The proceedings show that after the appeal the now plaintiff was ordered to pay for salvage one third in value of the property by a certain day, or otherwise an order of sale should issue. Then it appears that the counsel for the claimant procured a postponement of the sale till the 4th of February. It appears also, by a deposition of the marshal, that he sold by order of the court. And it appears by other depositions that the papers of this court were kept very loosely, on slips of paper, which were often removed from the office, as applied for by individuals. From all these circumstances we have concluded that the evidence is in favor of the order of sale. Then if the court ordered a sale, those who purchased under it should be protected; and the defendants are those persons. It was argued that all the world are parties to a prize cause in the admiralty. and are affected by a decree in the appellate court. This should be understood with some restriction. Upon the publication made of the suit depending, in order that all persons interested may come in and defend, all persons are bound by the decree pronounced upon the point then in controversy. But there is no controversy between the libelants or claimants, and those who afterwards became interested by a purchase, under orders and proceedings of the court in the cause between the libelants and claimants. Such intervening persons are not bound by a decree made between the libelants and claimants in the appellate court. The defendants are entitled to retain the property they have purchased, although the decree of the appellate court declared it to belong to the claimant.

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [District and date not given.]